USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: MAR 17 2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

RUKNUDDIN MASIHUDDIN, et al.,

                Plaintiffs,

        -against-

EDWARD J. GAVIN, et al.,

                Defendants.

------------------------------------- x

MEMORANDUM DECISION
AND ORDER
10 Civ. 06006 (GBD)(SN)

GEORGE B. DANIELS, District Judge:

    *Pro se* Plaintiff Ruknuddin Masihuddin and six family members – Quamrunnisa Masihuddin, his mother; Amena Masihuddin, Saba Masihuddin, and Phulmattie Masihuddin, his sisters; Achamma Mathews, his mother-in-law; and Qaiser Choudri, his cousin (collectively, "Plaintiffs") – bring this action under 42 U.S.C. § 1983 seeking monetary damages and injunctive and declaratory relief against defendants New York City Administration for Children's Services ("ACS")[1] and five ACS employees: (1) Investigative Consultant Edward J. Gavin; (2) ACS Supervisor Gail Banton; (3) ACS Supervisor Natasha Bruneus; (4) ACS Child Protective Specialist Kelly Bradley; and (5) ACS Child Protective Specialist Cynthia Gallardo (collectively, "Defendants").

    Plaintiffs raise two sets of claims pursuant to their Fourth, Fifth,[2] and Fourteenth Amendment rights. First, Ruknuddin Masihuddin claims false arrest and incarceration, malicious prosecution, and malicious abuse of process on the basis of his arrest and continued jailing for repeated violations of Queens family court orders (the "Arrest Claims"). Second, Plaintiffs collectively claim they were subjected to unlawful searches and excessive force based

---

[1] Because Plaintiffs are *pro se*, the Court reads Plaintiffs' claims liberally and substitutes the City of New York ("the City") for ACS as a defendant. *See* Report at 41.

[2] Magistrate Judge Netburn correctly found that Plaintiffs' Fifth Amendment claim must be dismissed because the Fifth Amendment does not apply to municipal entities and employees. *See* Report at 37; citing *Bussey v. Phillips*, 419 F. Supp. 2d 569, 586 (S.D.N.Y. 2006).

on Defendants' searches of their residences and places of business to locate Ruknuddin Masihuddin's children (the "Search Claims"). Plaintiffs further allege a conspiracy to violate their federally protected rights,[3] and assorted state law claims of assault, trespass, and failure to supervise.[4] Defendants moved for summary judgment pursuant to Fed. R. Civ. P. 56 and the Court referred the matter to Magistrate Judge Sarah Netburn for her Report and Recommendation ("Report").

In her Report, Magistrate Judge Netburn recommended that this Court: (1) grant summary judgment as to all claims against Banton and Bruneus, all Search Claims against Bradley, Gallardo, and the City, and all Arrest Claims against the Defendants; but (2) deny summary judgment as to the Fourth Amendment search claims against Gavin; the Fourteenth Amendment excessive force claims against Gavin; and the state law claims of trespass, assault and battery against Gavin and the City.

This Court adopts Magistrate Judge Netburn's Report in its entirety. Defendants' motion for summary judgment is GRANTED in part and DENIED in part. To the extent that Plaintiffs' opposition should be understood as a cross-motion for summary judgment, it is DENIED as lacking a valid basis in law or fact. See Report at 44.

## BACKGROUND[5]

On October 5, 2009, Ruknuddin Masihuddin was arrested pursuant to a warrant after ACS learned that he had taken his wife and children to upstate New York in violation of an order of protection from Queens family court. See Report at 4-5. Following a hearing, the Queens

---

[3] Magistrate Judge Netburn correctly determined that Plaintiffs have made no showing of any agreement between any of the Defendants, and therefore summary judgment is appropriate as to Plaintiffs' conspiracy claim. See Pangburn v. Culbertson, 292 F.3d 307, 324-35 (2d Cir. 2002).

[4] Defendants object to the Report to the extent it considers Plaintiffs state law claims on the basis that Defendants did not have notice of such claims. Defendants' objections are without merit. Defendants plainly had notice through Plaintiffs' amended complaint and affidavits, and they were provided with an opportunity to amend their reply in light of Plaintiffs' statements of disputed facts, which also referenced such claims. See Report n. 3.

[5] The following facts are undisputed unless otherwise noted.

2

family court ordered his incarceration for refusing to provide any information as to the whereabouts of his children. *Id.* at 6-7. ACS also entered multiple directives, issued arrest warrants, and signed at least one subpoena pursuant to which Gavin accompanied police officers and other individuals to various locations inhabited by Plaintiffs in search of the missing children. *Id.* at 5-6. In an effort to locate the missing children, Defendants entered Plaintiffs' homes and places of business without search warrants. *Id.* The parties dispute whether Defendants had consent before entering these locations. *Id.* Plaintiffs' affidavits additionally attest to one search during which Defendants were "very physical and aggressive" and caused physical injury to Quamrunnisa Masihuddin upon their entry into her home. *Id.* at 6. On October 24, 2009, the children were located and produced before the Queens family court. *Id.* at 6-7.

## LEGAL STANDARD

This Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. *See* 28 U.S.C. § 636(b)(1)(C). When there are objections to the Report, the Court must make a *de novo* determination of those portions of the Report to which objections are made. *Id.*; *see also Rivera v. Barnhart*, 423 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The Court need not conduct a *de novo* hearing on the matter as a whole. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189-90 (S.D.N.Y. 1985). "[I]n providing for a 'de novo determination' rather than *de novo* hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." *Raddatz*, 447 U.S. at 676.

Magistrate Judge Netburn advised the parties that pursuant to 28 U.S.C. § 636(b)(1), failure to file timely objections to the Report would result in waiver of objections and preclude appellate review. *See* Report at 44. Defendants filed timely objections to the Report. ECF No. 70. In light of Plaintiffs' status as *pro se* litigants, the Court granted Plaintiffs an extension to file their objections, and Plaintiffs filed timely objections on October 7, 2013. ECF Nos. 71, 72-78.

The objections of parties appearing *pro se* are "generally accorded leniency" and should be construed "to raise the strongest arguments that they suggest." *Milano v. Astrue*, 05-CV-6527, 2008 WL 4410131, at *24 (S.D.N.Y. Sept. 26, 2008) (internal quotation marks omitted). Nevertheless, even a *pro se* party's objections must be specific and clearly aimed at particular findings in the Report. *See Pinkney v. Progressive Home Health Servs.*, No. 06-CV-5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (internal quotation marks omitted).

In their objections,[6] Plaintiffs attempt to re-assert their prior arguments pertaining to the Search Claims against Bradley, Gallardo, Benton, Bruneus, and the City. *See, e.g.*, Plaintiff Achamma Matthews' objections at ¶¶ 1, 3-5, 7, 10, 11; Qaiser Choudri's Objections at ¶¶ 1, 3, 4, 6-9; and Ruknuddin Masihuddin's objections at ¶¶ 4, 5, 8, 9. Having already been raised and addressed, and not pertaining to any particular findings in the Report, Plaintiff cannot re-litigate these claims. *See Pinkney*, No. 06-CV-5023, 2008 WL 2811816, at *1 ("[O]bjections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple simply by relitigating a prior argument.").[7]

---

[6] Although Plaintiffs each filed separate objections, their objections are nearly identical, containing both similar and verbatim numbered paragraphs with few differences.

[7] Plaintiffs also object to the Report on the basis that the Court should deem Plaintiffs' Rule 56.1 statement of disputed fact as admitted by Defendants because Defendants did not explicitly deny or admit the facts contained

4

Plaintiffs also object to the Report on the basis that Magistrate Judge Netburn did not recommend dismissal of Defendants' summary judgment motion as untimely. This Court finds that efficiency and justice are best served by not dismissing Defendants' motion on this basis and exercises its discretion to excuse the untimely filing. *See Villante v. VanDyke*, 93 F. App'x 307, 309 (2d Cir. 2004) (citations omitted).

## DEFENSES

### Personal Involvement

In the Second Circuit, plaintiffs asserting § 1983 claims must allege the personal involvement of each defendant. *See, e.g., Faird v. Ellent*, 593 F.3d 233, 249 (2d Cir. 2010). Magistrate Judge Netburn correctly found that all claims against Banton and Bruneus should be dismissed for lack of evidence that they were personally involved in any alleged deprivation of Plaintiffs' rights. As Plaintiffs allege only that Banton and Bruneus were supervisors, Plaintiffs fail to make any showing that Banton and Bruneus were personally involved in conduct pertaining to Plaintiffs' allegations. *See Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003).[8]

Furthermore, as Magistrate Judge Netburn correctly concluded, Plaintiffs have provided no evidence of the participation of Bradley and Gallardo in the relevant searches, and the Search Claims cannot be sustained against them. *See* Report at 15-16. Additionally, all Arrest Claims against Gavin must be dismissed for lack of evidence of his personal involvement in Ruknuddin Masihuddin's arrest or prosecution. *Id.* at 16.

### Qualified Immunity

Magistrate Judge Netburn correctly determined that the individual defendants are entitled to qualified immunity against the Arrest Claims. *See* Report at 39. As noted *infra*, the individual

---

therein in compliance with Rule 56. *See* Fed. R. Civ. P. 56. Plaintiffs did not raise this issue previously and cannot do so now for the first time in their objections. *See McDonaugh*, 672 F. Supp. 2d at 547.

[8] Plaintiffs similarly have failed to make any showing that Banton and Bruneus were personally involved in tortious conduct pertaining to Plaintiffs' supplemental state law claims.

5

defendants had probable cause to arrest Ruknuddin Masihuddin and Plaintiffs have failed to show that the arrest was in violation of a clearly established constitutional right. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001). Further, even if doubts existed as to probable cause, officers of reasonable competence could have disagreed over whether the individual defendants were justified in arresting and prosecuting Ruknuddin Masihuddin. *Id.* at 202. Therefore, the individual defendants are protected by qualified immunity regarding all of the Arrest Claims.

With respect to the search and excessive force claims, Gavin is the only defendant who was present during the searches, and these claims are dismissed against the remaining defendants. As Magistrate Judge Netburn concluded, the evidence demonstrates that there are questions of material fact as to whether Gavin: (1) reasonably thought that the Masihuddin children were present at the four locations that were searched; (2) reasonably thought that ACS policy allowed broad warrantless searches to find neglected children; or (3) had an objectively reasonably basis to believe his treatment of Quamrunnisa Masihuddin did not constitute excessive force. *See* Report at 40-41. Accordingly, Gavin is not entitled to summary judgment as to his qualified immunity defense against the Search Claims. *See id.*

**Municipal Liability**

Defendants contend that all claims against the City must be dismissed because there is insufficient evidence to create an issue of material fact as to whether the City has a policy, practice or custom pursuant to which the Plaintiffs' constitutional rights were violated. *See Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008).

With respect to the Arrest Claims against the City, Plaintiffs did not respond to the Defendants' argument and have put forth no evidence to support their claims. Accordingly, Plaintiffs have abandoned these claims. Furthermore, Magistrate Judge Netburn correctly concluded that these claims must be dismissed because there is no evidence in the record to

support them. *See* Report at 42, citing *Adam v. M.T.A.*, 07 Civ. 08807 (JGK), 2011 WL 891441, at *4 (S.D.N.Y. Mar. 15, 2011).

With regard to the Search Claims, Plaintiffs assert that the City has a policy and practice of conducting warrantless searches for children. Plaintiffs, however, have failed to provide any evidence of such a policy or practice and Defendants are accordingly entitled to summary judgment. *See* Report at 42-43; citing *Jean-Laurent v. Wilkerson*, 461 F. App'x 18, 22 (2d Cir. 2012).[9]

Finally, Magistrate Judge Netburn correctly found that the City may be liable under a theory of *respondeat superior* for the state law claims of trespass, assault and battery. *See* Report at 42-43, *see also Williams v. City of White Plains*, 718 F. Supp. 2d (S.D.N.Y. 2010).

## SUBSTANTIVE CLAIMS

### Arrest Claims

Magistrate Judge Netburn correctly determined that Defendants are entitled to summary judgment with respect to Ruknuddin Masihuddin's Arrest Claims. *See* Report at 20-22. For claims of false arrest, false imprisonment, and malicious prosecution, probable cause is a complete defense. *See Dickerson v. Napolitano*, 604 F.3d 732, 751 (2d Cir. 2010); *Manganiello v. City of New York*, 612 F.3d 149, 160-161 (2d Cir. 2010).

The undisputed facts show that the Queens family court issued a warrant for Ruknuddin Masihuddin's arrest, and that he was arrested pursuant to that warrant. *See* Report at 19. An arrest made pursuant to a facially valid warrant is presumed to be made with probable cause, although plaintiffs may rebut that presumption by challenging the warrant's validity. *See Martinetti v. Town of New Hartford*, 12 F. App'x 29, 32 (2d Cir. 2001). Magistrate Judge Netburn correctly concluded that Plaintiffs have not provided any evidence showing that the

---

[9] Magistrate Judge Netburn correctly found that Plaintiffs' state law claims for failure to train or supervise must also be dismissed on this basis. *See* Report at 42.

7

warrant was invalid.[10] *See* Report at 19. Because probable cause is a complete defense to these claims, summary judgment is granted.[11]

Magistrate Judge Netburn correctly found that Ruknuddin Masihuddin's abuse of process claim should be dismissed because he provides no evidence that any defendant had a collateral objective in initiating proceedings against him.[12] *See* Report at 20. In the absence of evidence to the contrary, no reasonable juror could conclude that Defendants had any purpose but to find Masihuddin's children, whom they believed to be in danger of injury and abuse. Accordingly, summary judgment is granted for Defendants on Plaintiffs' abuse of process claim. *See Savino*, 331 F.3d at 77-78.

### Search Claims

Magistrate Judge Netburn correctly found that the search of Achamma Mathews' residence for Masihuddin's children was reasonable as a matter of law. The undisputed facts show that on October 9, 2009, the Queens family court issued an arrest warrant for Achamma Mathews. *See* Report at 23. This warrant renders the subsequent search of Achamma Mathew's residence presumptively reasonable. *See Wilson v. Layne*, 526 U.S. 603, 610-11 (1999). Plaintiffs have not established any material fact to dispute the warrant's validity. *See* Report at

---

[10] In one of his objections to the Report, Ruknuddin Masihuddin attempts to re-litigate his claim that there was not probable cause for his arrest and incarceration. Ruknuddin Masihuddin does not present any evidence to demonstrate that the warrant was invalid and his objection is without merit. ECF No. 77.

[11] If the officials had probable cause for the arrest, a plaintiff claiming malicious prosecution must "demonstrate mitigating facts to vitiate probable cause which were first uncovered after the arrest." *Drummond v. Castro*, 522 F. Supp. 2d 667, 668 (S.D.N.Y. 2007). Magistrate Judge Netburn correctly found that Plaintiffs have not put forth any evidence vitiating probable cause. *See* Report at 20. Summary judgment is accordingly granted as to this claim as well.

[12] In Ruknuddin Masihuddin's objections to the Report he attempts to re-litigate his false arrest, false imprisonment, malicious prosecution, and abuse of process claims against Bradley, Gallardo, Benton, and Bruneus. ECF No. 77. Having already raised these arguments in his Opposition to Defendants' Motion for Summary Judgment, *see* ECF No. 59, Masihuddin cannot again do so here. *See Pinkney*, No. 06-CV-5023, 2008 WL 2811816, at *1.

8

23. Accordingly, the search was reasonable as a matter of law and summary judgment is granted to Defendants on this claim.[13]

With regard to the other searches, Magistrate Judge Netburn correctly determined that Defendants have failed to demonstrate that these searches were presumptively reasonable. Report at 25. Although Defendants do not dispute that the searches were warrantless, they argue that probable cause is established based on the warrants issued for Ruknuddin and Binu Masihuddin, and Achamma Mathews, as well as the orders of removal for Masihuddin's children. *See* Defendants' Mem. at 6 (citing Defendants' Local Civil Rule 56.1 Statement of Undisputed Facts ("SUF") ¶¶ 15-16, 20). These documents do not, as a matter of law, establish a reasonable basis for the searches. *See* Report at 24.

Defendants have provided no information or basis to establish that they had reason to believe that Binu Massihudin or the children could be found at any of these four locations and Defendants provide no other justification for the searches. *Cf. United States v. Lauter*, 57 F.3d 212, 215 (2d Cir. 1995) (finding that "the proper inquiry is whether there is a reasonable belief that the suspect resides at the place to be entered to execute [the] warrant, and whether the officers have reason to believe that the suspect is present."). Here, in contrast, the Defendants have provided no evidence to establish a similar reasonable belief that the children resided in Plaintiff's residences and places of business. In their SUF, Defendants do not even discuss the searches or provide any evidence to establish the officers' reasonable belief. Accordingly, Defendants' searches cannot be deemed constitutionally reasonable as a matter of law.[14]

---

[13] Achama Mathews' objections to the Report regarding the constitutionality of the searches of his home and his dismissal in this action are entirely conclusory. *See, e.g.*, ECF No. 73 ¶ 9 ("I object to the [Report]…because the Magistrate Judge incorrectly found that I should be dismissed as a Plaintiff"). Plaintiff's objections are not aimed at any particular findings within the Report and are without merit.

[14] For the same reasons set for supra, summary judgment is granted for Achamma Mathew's supplemental state law trespass claim, but denied as to all other plaintiffs' trespass claims. *See* Report at 30, citing *McKim v. Cnty. Of Rensselaer*, 09 CV. 00650 (GLS)(DRH), 2011 WL 2580327, at *11 (N.D.N.Y. June 8, 2011).

**Excessive Force Claims**[15]

Magistrate Judge Netburn applied the correct legal standard in evaluating Plaintiffs' excessive force claims. Where, as here, Plaintiffs do not assert that they were arrested or seized, their claims for excessive force fall outside the Fourth Amendment and instead are governed by the Due Process Clause of the Fourteenth Amendment. *See Tierney v. Davidson*, 133 F.3d 189, 199 (2d Cir. 1998). To determine if the use of force violated Plaintiffs' due process rights, the Court must determine whether the force used "shocks the conscience." *Id.* at 199.

To support her excessive force claim, Quamrunnisa Masihuddin offers her own statement (corroborated by Amena Masihuddin and Saba Masihuddin) that Defendants pushed their way into her residence when she opened the door, and knocked her down to the floor – resulting in bruises that required hospitalization. *See* Report at 33. As Magistrate Judge Netburn noted, Quamrunnisa Masihuddin's injuries appear relatively minor and she has not supported her claim with hospital records. However, the claim is not *de minimis* as a matter of law. *Cf. Griffin v. Crippen*, 193 F.3d 89, 91-92 (2d Cir. 1999) (reasoning, in the context of a summary judgment motion on an Eighth Amendment claim that, while the appellant's excessive force claim was weak and his supporting evidence extremely thin, his minor injuries, including a bruised shin and swelling in one knee, could not be said to be de minimis as a matter of law because genuine issues of material fact existed). Accordingly, summary judgment is denied as to this claim.

Regarding the second set of excessive force allegations, Plaintiffs fail to allege that they were injured, that more than *de minimis* force was used, or even that Defendants came into contact with them in any way. *See Romano*, 998 F.2d at 105 ("A *de minimis* use of force will rarely suffice to state a constitutional claim."). Although Plaintiffs state in their statements of

---

[15] As noted by Magistrate Judge Netburn, Amena Masihuddin and Saba Masihuddin do not plausibly assert that they were subject to excessive force and, accordingly, their excessive force claims are dismissed to the extent that they were alleged. *See* Report at n. 16.

10

disputed facts that each defendant "assaulted" and "caused…bodily harm" to each plaintiff, a Local Rule 56.1 statement is not itself a vehicle for making factual assertions that are otherwise unsupported in the record." *Giannullo*, 322 F.3d at 140. There is no evidence in the record for Plaintiffs' claim beyond their own conclusory or otherwise inadmissible statements. *See Podell v. Citicorp Diners Club, Inc.*, 112 F.3d 98, 101 (2d Cir. 1997).[16]

## Conclusion

The Report is adopted in its entirety. Defendants' motion for summary judgment is GRANTED as to all claims against Banton and Bruneus; all Search Claims against Bradley, Gallardo, and the City; and all Arrest Claims against the Defendants. Defendant's motion for summary judgment is DENIED as to the Fourth Amendment search claims against Gavin; the Fourteenth Amendment excessive force claims against Gavin; and the state law claims of trespass, assault and battery against Gavin and the City. Accordingly, defendants Kelly Bradley, Cynthia Gallardo, Gail Banton, Natasha Bruneus, and plaintiff Achamma Mathews are dismissed from this action. The Clerk of Court is directed to close the motions at ECF Nos. 49 and 59.

Dated: New York, New York
      March 17, 2014

SO ORDERED:

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

---

[16] For the same reason, summary judgment is denied as to Quamrunnisa Masihuddin's supplemental state law assault and battery claim, but granted as to all the other plaintiffs' supplemental assault and battery claims. *See Humphrey v. Landers*, 344 F. App'x 686, 688 (2d Cir. 2009)

11